**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| UNION DE EMPLEADOS DE MUELLES DE PUERTO RICO PRSSA WELFARE PLAN, and UNION DE EMPLEADOS DE MUELLES DE PUERTO RICO AP WELFARE PLAN, individually and on behalf of all others similarly situated, and derivatively on behalf of PUERTO RICO FIXED INCOME FUND II, INC., PUERTO RICO FIXED INCOME FUND III, INC., PUERTO RICO FIXED INCOME FUND IV, INC., and TAX-FREE PUERTO RICO FUND II, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO;  UBS TRUST COMPANY OF PUERTO RICO; MIGUEL A. FERRER; CARLOS V. UBIÑAS; STEPHEN C. ROUSSIN; LESLIE HIGHLEY, JR.; MARIO S. BELAVAL; AGUSTIN CABRER-ROIG; GABRIEL DOLAGARAY-BALADO; CARLOS NIDO; LUIS M. PELLOT-GONZÁLEZ; VICENTE J. LEON; CLOTILDE PÉREZ; and DOES 1 through 100, <br> Defendants, <br><br> v. <br><br> PUERTO RICO FIXED INCOME FUND II, INC., PUERTO RICO FIXED INCOME FUND III, INC., PUERTO RICO FIXED INCOME FUND IV, INC. and TAX-FREE PUERTO RICO FUND II, INC., <br> Nominal Defendants. | CV. 10-1141 (ADC) |

**MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE AND TENDERING AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

　　**COME NOW** Plaintiffs, Union de Empleados de Muelles de Puerto Rico PRSSA

Welfare Plan ("UDEM PRSSA") and the Union de Empleados de Muelles de Puerto Rico AP

Welfare Plan ("UDEM AP" and, together with UDEM PRSSA, the "Plaintiffs"), by and through their undersigned counsel, and, pursuant to Fed. R. Civ. P. 15(a), respectfully request leave from the Court to file an Amended Complaint in the above-captioned case and that the Court reconsider its May 9, 2011 Order (a) denying entry of the Stipulation and Proposed Order wherein Defendants consented to Plaintiffs filing of an amended complaint on an agreed date; (b) denying Plaintiffs the opportunity to amend the Complaint; and (c) directing that Plaintiffs' claims be raised in a new case rather than through an Amended Complaint in the above-captioned action, on the following grounds:

**Procedural History**

1.      On February 19, 2010, Plaintiffs filed their Verified Shareholder Derivative Action and Class Action Complaint for Breaches of Fiduciary Duty, Violations of the Securities Laws, Violations of ERISA, and Breaches of the Duty of Good Faith (the "Complaint"), on behalf of Nominal Defendants Puerto Rico Fixed Income Fund II, Inc ("Fund II"), Puerto Rico Fixed Income Fund III ("Fund III"), Puerto Rico Fixed Income Fund IV, Inc. ("Fund IV"), and the Tax-Free Puerto Rico Fund II, Inc. ("Tax-Free Fund II") (Funds II, III, and IV and Tax-Free Fund II are collectively referred to as the "Funds"), and on behalf of a Class of similarly situated shareholders of the Funds, against Defendants UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), UBS Trust Company of Puerto Rico ("UBS Trust" and, together with UBS Financial the "UBS Defendants"), Miguel A Ferrer, Carlos V. Ubinas, Stephen C. Roussin, Leslie Highley, Jr., Mario S. Belaval, Agustin Cabrer-Roig, Gabriel Dolagaray-Balado, Carlos Nido, Luis M. Pellot-Gonzalez, Vicente J. Leon, and Clotilde Perez (collectively, the "Director Defendants" and, together with the UBS Defendants, the "Defendants").  (Doc. 1).

2.      Thereafter, on May 25, 2010, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  (Doc. 35).

3.      On June 30, 2010, Plaintiffs filed their opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint.  (Doc. 41).

4.      On July 15, 2010, Defendants filed their reply in further support of their Motion to Dismiss Plaintiffs' Complaint, as well as a Motion for Hearing *(Oral Argument on Motion to Dismiss)*.  (Doc. 47, 48).

5.      On August 5, 2010, the Court denied the Motion for Hearing *(Oral Argument on Motion to Dismiss)*. (Doc. 50).

6.      On April 8, 2011, the Court entered an Opinion and Order, dated March 31, 2010, granting Defendants' motion to dismiss and dismissing Plaintiffs' Complaint *without prejudice*. (Doc. 57).

7.      On April 11, 2011, the Court entered Judgment dismissing Plaintiffs' Complaint *without prejudice*.  (Doc. 58).

8.      On April 26, 2011, Plaintiffs and Defendants filed a joint Stipulation and Proposed Order wherein the parties agreed that Plaintiffs would be permitted to file and serve an Amended Complaint in this action on or before May 25, 2011 and setting forth a briefing schedule for Defendants' anticipated motion to dismiss the Amended Complaint.  (Doc. 59).

9.      On May 9, 2011, despite the fact that Plaintiffs' claims had been dismissed *without prejudice* and that Defendants had consented to the filing of an Amended Complaint in this action, the Court entered an Order denying entry of the Stipulation and Order; denying Plaintiffs the opportunity to amend the Complaint; and directing that Plaintiffs' claims be raised in a new case rather than through an amended complaint in the above-named case.  (Doc. 60).

**The Stipulation and Order Should be Entered and Plaintiffs' Should Be Granted Leave to File the Amended Complaint**

10.     A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a).   Thereafter, the permission of the court or the consent of the opposing party is required.  *Id.*  Indeed, the default rule mandates that "[t]he court should freely give leave when justice so requires."  *Id.*

11.     Here, Plaintiffs' Complaint was dismissed *without prejudice*.  As a result, in accordance with Fed. R. Civ. P. 15(a), Plaintiffs obtained Defendants' consent to file an Amended Complaint, and negotiated with Defendants' counsel regarding the appropriate deadline for filing the Amended Complaint and briefing any motion to dismiss the Amended Complaint, resulting in the Stipulation and Order filed with the Court on April 26, 2011.

12.     Thereafter, Plaintiffs immediately began drafting an Amended Complaint.   A copy of the draft Amended Complaint is tendered herewith.  The Amended Complaint was intended to be finalized and filed on May 25, 2011, in accordance with the Stipulation and Order to which Defendants consented.

13.     The Amended Complaint tendered herewith includes new evidence unearthed since Plaintiffs' original Complaint was filed, including:  (1) highly relevant information contained in a report by Conway MacKenzie, Inc., prepared for the Employees Retirement System of Government of Puerto Rico and Government Development Bank for Puerto Rico, as Fiscal Agent of the Government of Puerto Rico, made public after the filing of the Complaint herein and available at   http://www.senadopr.us/Informes%20de%20Agencias/13409.pdf; and (2) additional information regarding the United States Securities and Exchange Commission's ("SEC") investigation of the UBS Defendants and the facts alleged in the Complaint, including the fact that the SEC recently issued a Wells Notice to the UBS Defendants indicating that the

4

SEC was not only investigating the matter, but considering taking enforcement action against the UBS Defendants.

14.     Plaintiffs have also recently obtained additional leads concerning information regarding the claims in their Complaint and had started the process of engaging an expert to evaluate certain additional information Plaintiffs anticipated including in its Amended Complaint.  This information is not contained in the draft Amended Complaint tendered herewith simply due to the expedited nature of the instant motion, necessitated by the imminent deadline within which Plaintiffs' time to appeal the Court's April 11, 2011 Judgment was to expire (on May 11, 2011).  Thus, Plaintiffs were unable to incorporate this additional information in the Amended Complaint tendered herewith, but would have incorporated it in the Amended Complaint they anticipated filing by May 25, 2011.

15.     In view of the foregoing, Plaintiffs respectfully request that the Court grant them leave to amend their original Complaint, which was dismissed *without prejudice*, in order to address the concerns expressed by the Court for the first time in its March 31, 2011 Opinion, including new evidence that is highly relevant to Plaintiffs' claims.   Filing the Amended Complaint will not delay proceedings; indeed, it will obviate the need for an appeal in this matter at this time and obviate the need for Plaintiffs to initiate a new action and burden the court system and the parties with the associated time and expense involved in a new filing and service of process.  Further, filing the Amended Complaint will not cause undue prejudice upon the Defendants, who have already consented to Plaintiffs' filing an Amended Complaint on or before May 25, 2011.

16.     Plaintiffs recognize that the Court, by refusing to enter the Stipulation, has implicitly ruled that an amendment is unwarranted.  In light of the facts and circumstances

presented above, the imminent appeal deadline, and Plaintiffs' concern that, should an appeal proceed, the appellate court have the benefit of a complete record, Plaintiffs respectfully submit this matter to the Honorable Court.

**WHEREFORE**, Plaintiffs, pursuant to Fed .R. Civ. P. 15(a), respectfully request that this Honorable Court enter the Stipulation and Order filed on April 26, 2011, and reconsider its May 9, 2011 Order denying leave to amend based on a Judgment that dismissed Plaintiffs' Complaint *without prejudice*.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** That on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the attorneys registered in such system.

> s/ Harold D. Vicente-Gonzalez – 117711
> s/Harold D. Vicente-Colon – 211805
> **VICENTE & CUEBAS**
> Post Office Box 11609
> San Juan, Puerto Rico 00910-1609
> Tel:  787-751-8000
> Fax:  787-756-5250
> hvicente@vc-law.net
> hdvc@vc-law.net
>
>
> *Attorneys for Plaintiffs*