# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNION DE EMPLEADOS DE MUELLES DE
PUERTO RICO PRSSA WELFARE PLAN, et
al.,

               Plaintiffs,

        v.

UBS FINANCIAL SERVICES
INCORPORATED OF PUERTO RICO, et al.,


               Defendants,

        v.


PUERTO RICO FIXED INCOME FUND II,
INC., et al,



               Nominal Defendants.

CIVIL NO. 10-01141 (ADC)

## DEFENDANTS' MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION

José C. Sánchez-Castro
José Luis Barrios-Ramos
LOPEZ SANCHEZ PIRILLO & HYMOVITZ
LLC
P.O. Box 11917
San Juan, Puerto Rico  00922-1917
Tel.:  (787) 522-6776
Fax:  (787) 620-6050

*Attorneys for Nominal Defendants Puerto Rico
Fixed Income Fund II, Inc.; Puerto Rico Fixed
Income Fund III, Inc.; Puerto Rico Fixed Income
Fund IV, Inc.; and Tax-Free Puerto Rico Fund II,
Inc.*

Salvador J. Antonetti-Stutts
Mauricio O. Muñiz-Luciano
Ubaldo M. Fernández-Barrera
O'NEILL & BORGES LLC
American International Plaza
250 Muñoz Rivera Ave., Suite 800
Hato Rey, Puerto Rico  00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

Rafael Escalera Rodríguez
Pedro Santiago
REICHARD & ESCALERA
P.O. Box 364148
San Juan, Puerto Rico  00936-4148
Tel.:  (787) 777-8888
Fax:  (787) 765-4225

*Attorneys for Mario S. Belaval, Agustín Cabrer-Roig, Gabriel Dolagaray-Balado, Carlos Nido, Luis M. Pellot-González, Vicente J. León and Clotilde Pérez*

OF COUNSEL

Paul J. Lockwood
Nicole A. DiSalvo
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
Tel.:  (302) 651-3000
Fax:  (302) 651-3001

*Attorneys for Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, Miguel A. Ferrer, Carlos V. Ubiñas, Stephen C. Roussin and Leslie Highley, Jr.*

# TABLE OF CONTENTS

Page

TABLE OF CASES & AUTHORITIES .................................................................... ii

PRELIMINARY STATEMENT ........................................................................1

RELEVANT FACTS ...............................................................................3

    A.    Plaintiffs Alleged They Were Shareholders Of The Funds And Pledged To Remain Shareholders Through The Litigation. ....................................................3

    B.    While Plaintiffs' Appeal Was Pending, Plaintiffs Covertly Sold All Of Their Holdings In The Funds. .......................................................4

ARGUMENT ....................................................................................5

THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .........................................5

I.    STANDARD OF REVIEW. ...................................................................5

II.    PLAINTIFFS LOST STANDING AS SOON AS THEY SOLD THEIR SHARES IN THE FUNDS. .......................6

III.    PLAINTIFFS' LOSS OF STANDING DEPRIVED THIS COURT OF SUBJECT MATTER JURISDICTION. ...............7

IV.    AS THE COURT LACKS SUBJECT MATTER JURISDICTION, THE COURT CANNOT ACT ON A MOTION TO INTERVENE IN THIS ACTION. .........9

CONCLUSION ..................................................................................11

## TABLE OF CASES & AUTHORITIES

**CASES**                                                                **PAGE(S)**

*Bus. Buyers of New Eng., Inc. v. Gurham*,
    754 F.2d 1 (1st Cir. 1985)...................................................................5

*In re Countrywide Fin. Corp. Derivative Litig.*,
    581 F. Supp. 2d 650 (D. Del. 2008)......................................................2, 7

*Crawford v. Lamantia*,
    34 F.3d 28 (1st Cir. 1994)...................................................................8

*Diaz-Romero v. Ashcroft*,
    472 F. Supp. 2d 156 (D.P.R. 2007), *aff'd sub nom.*
    *Diaz-Romero v. Mukasey*, 514 F.3d 115 (1st Cir. 2008) ....................................7

*In re First Bancorp Derivative Litig.*,
    465 F. Supp. 2d 112 (D.P.R. 2006)........................................................6

*Gordon v. United States*,
    No. 8:11-cv-2852-T-30 (TGW), 2012 WL 1988711 (M.D. Fla. June 4, 2012) ...........9, 10

*In re Guidant Corp. S'holders Derivative Litig.*,
    No. 1:03-cv-955 (SEB) (WTL), 2008 WL 833502 (S.D. Ind. Mar. 27, 2008)..................8

*Katz v. Pershing, LLC*,
    672 F.3d 64 (1st Cir. 2012)..................................................................8

*Kautz v. Sugarman*,
    No. 10 Civ. 3478 (RJS), 2011 WL 1330676 (S.D.N.Y. Mar. 31, 2011), *aff'd*,
    456 F. App'x 16 (2d Cir. 2011) ..............................................................8

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994)...........................................................................5

*Kolancian v. Snowden*,
    532 F. Supp. 2d 260 (D. Mass. 2008) .........................................................8

*Lawrence v. Household Bank (SB), N.A.*,
    505 F. Supp. 2d 1279 (M.D. Ala. 2007) ......................................................10

*Lewis v. Anderson*,
    477 A.2d 1040 (Del. 1984) ...................................................................6

*Lorenzo Font v. Francisco*,
    260 F. Supp. 2d 394 (D.P.R. 2003)........................................................1, 2, 7

*Martinez v. Barasch*,
    No. 01 Civ. 2289 (MBM), 2004 WL 1555191 (S.D.N.Y. July 12, 2004)........................8

*In re Merrill Lynch & Co. Sec., Derivative & ERISA Litig.*,
    597 F. Supp. 2d 427 (S.D.N.Y. 2009) ......................................................2, 7

*Mills v. State of Me.*,
    118 F.3d 37 (1st Cir. 1997)......................................................................7

*Murphy v. United States*,
    45 F.3d 520 (1st Cir. 1995)......................................................................5

*In re New Valley Corp. Derivative Litig.*,
    No. 17649-NC, 2004 WL 1700530 (Del. Ch. June 28, 2004) ..................2, 6, 7

*Pallazola v. Rucker*,
    797 F.2d 1116 (1st Cir. 1986)..................................................................9

*Parfi Holding AB v. Mirror Image Internet, Inc.*,
    954 A.2d 911 (Del. Ch. 2008)..................................................................7

*Parvati Corp. v. City of Oak Forest, Ill.*,
    630 F.3d 512 (7th Cir. 2010) .................................................................10

*TXCAT v. Phoenix Grp. Metals, LLC*,
    No. H-10-0344, 2010 WL 5186824 (S.D. Tex. Dec. 14, 2010) ........................9

*Valentin v. Hosp. Bella Vista*,
    254 F.3d 358 (1st Cir. 2001) ..............................................................5, 6

*Vargas v. Carrion*,
    No. 10-1153 (MEL), 2011 WL 92030 (D.P.R. Jan. 3, 2011) ...........................5

*Wojciechowicz v. United States*,
    474 F. Supp. 2d 283 (D.P.R. 2007)......................................................3, 8

*Zangara v. Travelers Indem. Co.*,
    No. 1:05CV731, 2006 WL 825231 (N.D. Ohio Mar. 30, 2006).....................2, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)...................................................................................1, 5

8 *Del. C.* § 327 ................................................................................................6

14 L.P.R.A. § 3786 .........................................................................................2, 6

William M. Fletcher,
    13 FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 5981.30 (rev. ed. 2006).......6

TO THE HONORABLE COURT:

        Defendants UBS Financial Services Incorporated of Puerto Rico ("UBS-PR"), UBS Trust Company of Puerto Rico ("UBS Trust"), Miguel A. Ferrer, Carlos V. Ubiñas, Stephen C. Roussin, Leslie Highley, Jr. (collectively, with UBS-PR and UBS Trust, the "UBS Defendants"); Mario S. Belaval, Agustín Cabrer-Roig, Gabriel Dolagaray-Balado, Carlos Nido, Luis M. Pellot-González, Vicente J. León, Clotilde Pérez (collectively, "Individual Defendants"); and nominal defendants Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., and Tax-Free Puerto Rico Fund II, Inc. (collectively, the "Funds," and together with the UBS Defendants and the Individual Defendants, "Defendants"), through their undersigned counsel, respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss with prejudice the Verified Shareholder Derivative and Class Action Complaint (the "Complaint") filed by plaintiffs Union de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan ("PRSSA") and Union de Empleados de Muelles de Puerto Rico AP Welfare Plan ("UDEM AP" and, collectively, "Plaintiffs"), for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

        Defendants move to dismiss this action because Plaintiffs have disclosed that they no longer own shares in any of the Funds that they purport to represent in this derivative action and, therefore, lack standing.  It is well-settled that standing is a necessary component of subject matter jurisdiction for a federal court.  *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 400 (D.P.R. 2003).  Accordingly, the Court should dismiss this action.

        On February 7, 2013, Defendants first learned that Plaintiffs had sold all of their holdings of the Funds during a discussion with counsel for Plaintiffs.  Plaintiffs' counsel was certain that neither PRSSA nor UDEM AP owned shares in any of the four Funds any longer, but

was unable to provide specific information about when Plaintiffs sold their shares.  During

subsequent conversations over the next week, Plaintiffs' counsel was still unable to provide

Defendants with the exact dates of the sales of shares by PRSSA and UDEM AP but again

confirmed that Plaintiffs no longer held any shares.

Plaintiffs' loss of share ownership mandates dismissal of this derivative suit.

Under Puerto Rico law, a shareholder has standing to bring a derivative suit only if it held stock

at the time of the alleged wrongdoing *and continuously thereafter* until the conclusion of the

litigation.  *See* 14 L.P.R.A. § 3786; *see also In re New Valley Corp. Derivative Litig.*, No. 17649-

NC, 2004 WL 1700530, at *3 (Del. Ch. June 28, 2004) (applying a "continuous stock

ownership" requirement to an identical Delaware corporate statute).  Thus, under settled law,

once Plaintiffs sold their shares, they lost standing to maintain this derivative action on behalf of

the Funds.  *See In re Merrill Lynch & Co. Sec., Derivative & ERISA Litig.*, 597 F. Supp. 2d 427

(S.D.N.Y. 2009) (dismissing shareholder derivative suit because plaintiff was no longer a

stockholder); *In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d 650, 652-53 (D.

Del. 2008) (same).

Dismissal of this lawsuit is mandatory because Plaintiffs' lack of standing divests

this Court of jurisdiction.  *Lorenzo Font*, 260 F. Supp. 2d at 400.  Further, because the Court was

divested of jurisdiction the instant that Plaintiffs sold their shares, Plaintiffs' counsel's proposal to

substitute new plaintiffs is improper; the Court lacks jurisdiction to grant such a request.  *See,*

*e.g.*, *Zangara v. Travelers Indem. Co.*, No. 1:05CV731, 2006 WL 825231, at *3 (N.D. Ohio Mar.

30, 2006) (denying motion to intervene due to lack of jurisdiction because original plaintiff

lacked standing).

Finally, while this motion is jurisdictional and is not a matter of discretion, Defendants also note that the equities do not support Plaintiffs' *counsel's* request to substitute replacement plaintiffs.  Plaintiffs have such little interest in this case that Plaintiffs' counsel has been unable to determine when Plaintiffs sold their shares.  Defendants are also unable to determine when Plaintiffs sold all of their shares, but from our review (prompted by Plaintiffs' counsel's disclosure) of Plaintiffs' accounts with UBS-PR (which included some, but not all, of Plaintiffs' shareholdings), it appears that Plaintiffs sold many of their shares seven months ago and made a profit on their investment.   As the persons who brought this suit were not harmed and no longer have any interest in this case, a dismissal of this lawsuit is a just result.  In any event, this Court lacks subject matter jurisdiction and dismissal is mandatory.

## RELEVANT FACTS[1]

**A.     Plaintiffs Alleged They Were Shareholders Of The Funds And Pledged To Remain Shareholders Through The Litigation.**

Plaintiffs UDEM AP and PRSSA are Puerto Rican welfare plans.  (Compl. ¶¶ 23, 24)  UDEM AP was established to provide retirement benefits to the employees of the Puerto Rico Port Authority.  (*Id.* ¶ 24)  PRSSA is a multi-employer welfare plan established to provide benefits to members of the workers employed by shipping and related companies at San Juan's port.  (*Id.* ¶ 23)

---

[1]   "In disposing of motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions.  Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle."  *Wojciechowicz v. United States*, 474 F. Supp. 2d 283, 286 (D.P.R. 2007) (citing *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).

[2]   *In re First Bancorp Derivative Litig.*, 465 F. Supp. 2d 112, 118 (D.P.R. 2006) ("Because Puerto Rican corporate law was modeled after Delaware corporate law, the court turns to

UDEM AP made verified statements attached to the Complaint that it "was a shareholder of Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., and the Tax-Free Puerto Rico Fund II, Inc. and *will remain a shareholder during the course of the lawsuit.*" (*Id.* p. 55 (emphasis added))  PRSSA made verified statements that it "was a shareholder of Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., and Puerto Rico Fixed Income Fund IV, Inc. and *will remain a shareholder during the course of the lawsuit.*" (Compl. p. 56 (emphasis added))  Both of these statements were signed by Luis A. Malavé Trinidad, President of the Board of Directors of UDEM AP and PRSSA. (*Id.* pp. 55-56)  These same ownership statements were also alleged in the Complaint. (*Id.* ¶¶ 23-24)

## B.   While Plaintiffs' Appeal Was Pending, Plaintiffs Covertly Sold All Of Their Holdings In The Funds.

Despite promising the Court to remain shareholders in the Funds throughout the pendency of the litigation, on February 7, 2013, Plaintiffs' counsel disclosed to counsel for the UBS Defendants that Plaintiffs had sold all of their shares in the Funds. (Declaration of Paul J. Lockwood, Esq. hereinafter referred to as "Lockwood Decl." ¶ 4)  As this disclosure potentially called into question the validity of years of litigation, the UBS Defendants' counsel asked when Plaintiffs stopped being shareholders of the Funds. (*Id.*)  Plaintiffs' counsel did not know the answer and promised to check with her client. (*Id.*)  To date, Plaintiffs' counsel has still been unable to provide the dates of Plaintiffs' sales. (*Id.* ¶ 5)

Following this conversation, UBS-PR attempted to determine when Plaintiffs sold their shares by reviewing Plaintiffs' brokerage accounts with UBS-PR. (*Id.* ¶ 6)  Prior to that time, UBS-PR had no reason to doubt Plaintiffs' sworn statements and was not monitoring their holdings for possible sales of shares in the Funds.  In any event, UBS-PR's records are

insufficient to determine Plaintiffs' standing definitively.  These records only show that UDEM

AP held shares in Puerto Rico Fixed Income Fund II, Inc. and Puerto Rico Fixed Income Fund

IV, Inc. during the relevant time period.  (*Id*. ¶ 7, Ex. A)  UBS-PR's accounts do not represent all

of Plaintiffs' transactions in shares of the Funds because Plaintiffs also used brokers other than

UBS-PR.  (*Id*. ¶ 8)  Nevertheless, UBS-PR's records show that UDEM AP sold all of the shares

of the Funds in its UBS-PR brokerage account in July 2012, *over seven months ago*.  (*Id*. ¶ 7,

Ex. A)

       In addition, UDEM AP's UBS-PR account statement indicates that UDEM AP

received significant dividends from its investment in Puerto Rico Fixed Income Fund II, Inc. and

Puerto Rico Fixed Income Fund IV, Inc.  (*Id*.)  With the income generated from those dividends

over the course of several years, UDEM AP appears to have made a profit on its investment in

Puerto Rico Fixed Income Fund II, Inc. and Puerto Rico Fixed Income Fund IV, Inc.

**ARGUMENT**

**THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

**I.    STANDARD OF REVIEW.**

       Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss

an action for lack of subject matter jurisdiction "at any time."  Fed. R. Civ. P. 12(b)(1).  *See also*

*Bus. Buyers of New Eng., Inc. v. Gurham*, 754 F.2d 1, 2 (1st Cir. 1985) (citing *McNutt v. Gen.*

*Motors Acceptance Corp.*, 298 U.S. 178 (1936).  Moreover, Plaintiffs' jurisdictional allegations

are not "entitled to [any] presumptive weight."  *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363-

64 (1st Cir. 2001).  Rather, it is presumed that the court lacks jurisdiction, and the plaintiff bears

the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511

U.S. 375, 377 (1994).  *See also Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995);

*Vargas v. Carrion*, No. 10-1153 (MEL), 2011 WL 92030, at *1 (D.P.R. Jan. 3, 2011).  Because

5

"[a] court's authority to hear a particular case is a necessary precondition to the proper performance of the judicial function," it "must be allowed considerable leeway in weighing the proof, drawing reasonable inferences, and satisfying itself that subject-matter jurisdiction has attached." *Valentin*, 254 F.3d at 364.

## II.   PLAINTIFFS LOST STANDING AS SOON AS THEY SOLD THEIR SHARES IN THE FUNDS.

It is well-settled that a shareholder has standing to maintain a derivative cause of action on behalf of a corporation only if it can show that it held stock in the corporation at the time of the alleged wrongdoing *and* continuously throughout the course of the litigation.  *See* 13 William M. Fletcher, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 5981.30 (rev. ed. 2006) ("Share ownership generally must be continuous and uninterrupted from the time of the alleged wrongs throughout the pendency of the action.").  This rule is codified in Puerto Rico as follows:

> In any derivative suit instituted by a stockholder of a corporation organized under the laws of the Commonwealth, it shall be averred in the complaint that the plaintiff was a stockholder of the corporation at the time of the transaction of which such stockholder complains or that such stockholder's stock thereafter devolved upon such stockholder by operation of law.

14 L.P.R.A. § 3786.  The Delaware General Corporation Law ("DGCL") – which Puerto Rico corporate law is modeled after[2] – contains an identical provision codified at 8 *Del. C.* § 327. Delaware courts have interpreted DGCL § 327 to require the shareholder plaintiff to own stock in the corporation continuously throughout the course of litigation.  *See Lewis v. Anderson*, 477 A.2d 1040, 1046 (Del. 1984) ("[A] derivative shareholder must not only be a stockholder at the

---

[2]   *In re First Bancorp Derivative Litig.*, 465 F. Supp. 2d 112, 118 (D.P.R. 2006) ("Because Puerto Rican corporate law was modeled after Delaware corporate law, the court turns to Delaware corporate law . . . .").

time of the alleged wrong and at time of commencement of suit but that he must also maintain shareholder status throughout the litigation."); *In re New Valley Corp. Derivative Litig.*, No. 17649-NC, 2004 WL 1700530, at *3 (Del. Ch. June 28, 2004) ("Although section 327 does not explicitly require continuous stock ownership to maintain a derivative action, that requirement has been a staple of Delaware law for over two decades.").  "Federal courts have also rigorously applied this 'continuing ownership' rule" and have dismissed shareholder derivative suits for lack of standing when plaintiffs are divested of their stock in the course of litigation.  *In re Merrill Lynch & Co. Sec., Derivative & ERISA Litig.*, 597 F. Supp. 2d 427, 429, 431 (S.D.N.Y. 2009); *In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d 650, 652-53 (D. Del. 2008).

Thus, applying the "continuous ownership rule," once Plaintiffs sold their shares in the Funds, they lost standing to pursue this derivative suit.  *See Parfi Holding AB v. Mirror Image Internet, Inc.*, 954 A.2d 911, 935, 940-41 (Del. Ch. 2008) ("Once Parfi divested itself of its economic interest in this litigation, it lost standing to press this derivative case permanently.").

## III.   PLAINTIFFS' LOSS OF STANDING DEPRIVED THIS COURT OF SUBJECT MATTER JURISDICTION.

Subject matter jurisdiction must exist at all times throughout the course of litigation.  *Mills v. State of Me.*, 118 F.3d 37, 49 (1st Cir. 1997) ("[S]ubject matter jurisdiction … can be raised at any time, and when raised, the issue is not whether the court had jurisdiction at some time in the past, but whether the court today still has jurisdiction.").  "Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned."  *Diaz-Romero v. Ashcroft*, 472 F. Supp. 2d 156, 160 (D.P.R. 2007), *aff'd sub nom. Diaz-Romero v. Mukasey*, 514 F.3d 115 (1st Cir. 2008).

"Standing is a threshold question in every federal case, determining the power of the court to entertain the suit.  If a party lacks standing to bring a matter before the court, the

court lacks jurisdiction to decide the merits of the underlying case." *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 400 (D.P.R. 2003) (internal quotation marks and citations omitted). Federal courts only have the power to decide actual cases and controversies. *See Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). If Plaintiffs cannot demonstrate a "'personal stake in the outcome of the controversy,'" there is no case or controversy for the Court to decide. *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 205 (1962)). Furthermore, because standing implicates the court's subject matter jurisdiction, it "must exist at *all stages* of the proceeding, and not merely when the action is initiated or during an initial appeal." *Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir. 1994) (internal quotation marks and citation omitted) (emphasis in original).

In the specific context of derivative litigation, federal courts have recognized that the court's subject matter jurisdiction is dependent upon having a plaintiff with standing to sue on behalf of the nominal defendant corporate entity. *See Kolancian v. Snowden*, 532 F. Supp. 2d 260, 261 (D. Mass. 2008) (recognizing that motion to dismiss based on shareholder's lack of standing to pursue derivative claims "is, in effect, a challenge to the court's jurisdiction properly raised under Fed. R. Civ. P. 12(b)(1)"); *In re Guidant Corp. S'holders Derivative Litig.*, No. 1:03-cv-955 (SEB) (WTL), 2008 WL 833502, at *1 n.1 (S.D. Ind. Mar. 27, 2008) (dismissing derivative suit for lack of subject matter jurisdiction when shareholder lost standing after merger extinguished holdings); *Kautz v. Sugarman*, No. 10 Civ. 3478 (RJS), 2011 WL 1330676, at *3 (S.D.N.Y. Mar. 31, 2011) (analyzing derivative shareholder plaintiff's continuous ownership as a matter of subject matter jurisdiction), *aff'd*, 456 F. App'x 16 (2d Cir. 2011); *Martinez v. Barasch*, No. 01 Civ. 2289 (MBM), 2004 WL 1555191, at *8 (S.D.N.Y. July 12, 2004) (holding court lacked subject matter jurisdiction because members in unincorporated association terminated their membership and lost standing). *See also Wojciechowicz v. United States*, 474 F. Supp. 2d

283, 288-89 (D.P.R. 2007) (finding issues of standing in representative capacity and subject matter jurisdiction were "inextricably intertwined").

Thus, when Plaintiffs lost their standing, this Court lost subject matter jurisdiction.

## IV.   AS THE COURT LACKS SUBJECT MATTER JURISDICTION, THE COURT CANNOT ACT ON A MOTION TO INTERVENE IN THIS ACTION.

As explained above, the Court was divested of jurisdiction as soon as Plaintiffs sold their shares in the Funds.  Nevertheless, Plaintiffs' counsel now asks the Court somehow to retain jurisdiction and hear a motion to intervene/substitute new plaintiffs to continue this action. The Court cannot entertain that request for two reasons.

First, the Court presently lacks subject matter jurisdiction, so it cannot hear any motion other than a motion to dismiss for lack of subject matter jurisdiction.  *See Pallazola v. Rucker*, 797 F.2d 1116, 1128 (1st Cir. 1986) ("In the absence of subject matter jurisdiction, the court was required immediately to dismiss the action – on jurisdictional grounds, not on the merits.").  Federal courts have recognized that where no plaintiff has standing, plaintiffs' counsel cannot remedy the lack of jurisdiction by substituting a new plaintiff.  *See Zangara v. Travelers Indem. Co.*, No. 1:05CV731, 2006 WL 825231, at *3 (N.D. Ohio Mar. 30, 2006) ("In the present case, this Court finds that Zangara's lack of standing precludes him from amending the complaint to substitute new plaintiffs and join a new defendant.  More precisely, his lack of standing divests this Court of subject matter jurisdiction necessary to even consider such a motion."); *TXCAT v. Phoenix Grp. Metals, LLC*, No. H-10-0344, 2010 WL 5186824, at *3 (S.D. Tex. Dec. 14, 2010) ("[E]ven if TXCAT had filed a timely motion for leave to amend, the Court is not able to allow TXCAT to amend its complaint and to substitute a plaintiff with standing to create subject matter jurisdiction since the Court would have had no jurisdiction before the proposed

9

amendment."); *Gordon v. United States*, No. 8:11-cv-2852-T-30 (TGW), 2012 WL 1988711, at *2 (M.D. Fla. June 4, 2012) ("Simply put, the dismissal of plaintiffs divests the Court of subject matter jurisdiction and divests plaintiffs of the ability to request amendment of the complaint to add additional plaintiffs.").  Further, Plaintiffs' counsel cannot seek to maintain control over this action when Plaintiffs themselves chose to covertly divest themselves of their economic interest in the Funds.  *Lawrence v. Household Bank (SB), N.A.*, 505 F. Supp. 2d 1279, 1285 (M.D. Ala. 2007) (although "attorneys may have an interest in locating a new plaintiff, attorneys do not have standing to file motions on behalf of potential future clients who are not parties to the case").

Second, even if the Court had the power to consider Plaintiffs' motion – and it does not – the equities would favor rejecting it.  After lending their names to this lawsuit, Plaintiffs voluntarily chose to sell their shares and were aware of the consequences of that action.  Moreover, because of the considerable dividends that were distributed by the Funds, it is overwhelmingly likely that Plaintiffs achieved a gain on their investments.  Defendants are uncertain about the financial outcome of Plaintiffs' investment because Plaintiffs have been unwilling to disclose when they sold their shares.  Moreover, Plaintiffs may have lost standing a long time ago.  Defendants' investigation of the limited information available to them has shown that UDEM AP sold shares in two of the Funds in July 2012, *more than seven months ago*.[3]

---

[3]   Because Plaintiffs have refused to provide the dates on which they sold their shares, it is questionable whether the Court of Appeals had jurisdiction when it issued its opinion on January 4, 2013, reversing this Court's dismissal.  *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516-17 (7th Cir. 2010) ("standing must be present at all stages of the litigation, including on appeal") (citing *Korczak v. Sedeman*, 427 F.3d 419, 420 (7th Cir. 2005)).  If the Court dismisses this action for the reasons described above, the problems created by this jurisdiction defect in the appeal likely will not need to be resolved.

Plaintiffs' conduct here does not warrant the Court taking extraordinary (and impermissible) steps to extend its jurisdiction beyond the limits of settled law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**, Defendants hereby respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 20th day of February, 2013.

José C. Sánchez-Castro
José Luis Barrios-Ramos
LOPEZ SANCHEZ PIRILLO & HYMOVITZ LLC
P.O. Box 11917
San Juan, Puerto Rico  00922-1917
Tel.:  (787) 522-6776
Fax:  (787) 620-6050

By: /s/ José C. Sánchez-Castro
        José C. Sánchez-Castro
        USDC-PR No. 213312

By:   /s/ José Luis Barrios-Ramos
        José Luis Barrios-Ramos
        USDC-PR No. 223611

*Attorneys for Nominal Defendants Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; and Tax-Free Puerto Rico Fund II, Inc.*

Salvador J. Antonetti-Stutts
Mauricio O. Muñiz-Luciano
Ubaldo M. Fernández-Barrera
O'NEILL & BORGES
American International Plaza
250 Muñoz Rivera Ave., Suite 800
Hato Rey, Puerto Rico  00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

By: /s/ Salvador J. Antonetti-Stutts
        Salvador J. Antonetti-Stutts
        USDC-PR No. 215002

By: /s/ Ubaldo M. Fernández-Barrera
        Ubaldo M. Fernández-Barrera
        USDC-PR No. 224807

11

Rafael Escalera Rodríguez
Pedro Santiago
REICHARD & ESCALERA
P.O. Box 364148
San Juan, Puerto Rico  00936-4148
Tel.:  (787) 777-8888
Fax:  (787) 765-4225

By: /s/ Rafael Escalera Rodríguez
        Rafael Escalera Rodríguez
        USDC-PR No. 122609

By: /s/ Pedro Santiago
        Pedro Santiago
        USDC-PR No. 216105

*Attorneys for Mario S. Belaval, Agustín Cabrer-Roig, Gabriel Dolagaray-Balado, Carlos Nido; Luis M. Pellot-González, Vicente J. León and Clotilde Pérez*

Of Counsel:

Paul J. Lockwood
Nicole A. DiSalvo
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
P.O. Box 636
Wilmington, Delaware  19899-0636
Tel.:  (302) 651-3000
Fax:  (302) 651-3001

*Attorneys for Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, Miguel A. Ferrer, Carlos V. Ubiñas, Stephen C. Roussin and Leslie Highley, Jr.*

12